```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
              Civil No. 12-3142(DSD/JJG)
```

Bremer Bank, National
Association,

        Plaintiff,

v.                                                 **ORDER**

George C. Holter, John Doe,
Mary Roe,

        Defendants.

      This matter is before the court sua sponte. "Federal courts are courts of limited, not general jurisdiction," and as a result the court "has a special obligation to consider its own jurisdiction." Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991). The removing party bears the burden to establish the existence of subject-matter jurisdiction. See Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005).

      Defendants removed this eviction proceeding from Minnesota state court pursuant to 28 U.S.C. § 1332, alleging diversity of citizenship. See Notice of Removal ¶ 3. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

      The notice of removal claims that plaintiff Bremer Bank is a citizen of Minnesota. See Notice of Removal ¶ 1. The notice of removal also states that pro se defendant George C. Holter is a

citizen of Minnesota.  Id. ¶ 2.[1]  As a result, no diversity of citizenship is present.  Moreover, Holter explains that "[t]here are no federal Constitutional, statutory or treaty right(s) at issue in this case." Id. ¶ 4.  As a result, no federal question is presented.  Therefore, the court lacks jurisdiction over this proceeding.  Accordingly, **IT IS HEREBY ORDERED** that this matter is remanded to the Minnesota District Court for the Fourth Judicial District.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 20, 2012

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[1] The complaint lists three defendants:  George C. Holter, John Doe and Mary Roe.  Compl. ¶¶ 2-3.  The notice of removal, however, only lists and pleads Holter's citizenship.  Diversity jurisdiction requires that complete diversity exist and that "no defendant holds citizenship in the same state in which any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted).  As a result, the court can remand this action to state without determining the citizenship of the other two defendants.

2